UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WARREN KENNETH BEARD,

      Plaintiff,

|  |  |
|---|---|
| v. | Case No. 26-cv-11761 |
|  | Honorable Linda V. Parker |

UNITED STATES OF AMERICA, ELON
MUSK, *Department of Government Efficiency*,
JEFF BEZOS, *Founder of Amazon*, AMAZON,
CENTRAL INTELLIGENCE AGENCY,

      Defendants.

_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION

## I.    INTRODUCTION AND BACKGROUND

On May 29, 2026, Plaintiff Warren Beard filed a Complaint in this Court regarding the alleged attempted assassination of him and the alleged theft of his DNA.  (ECF No. 1.)  On the same date, Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (ECF No. 2.)

In the Complaint, Plaintiff claims that Defendants attempted to carry out an unlawful, "extra-judicial" murder of him because Plaintiff believes that he was patient zero for the COVID-19 epidemic.  Plaintiff contends that COVID-19 was a partial cause for the end of President Donald Trump's first Presidential term, which

he believes made him a target of President Trump's "so called revenge tour." Later in the Complaint, Plaintiff states that Defendant Amazon manipulated light conditions to cause him to cross a double-yellow line and veer head-on into oncoming traffic while operating an Amazon delivery van.  It is unclear from Plaintiff's Complaint whether he alleges Amazon acted on its own or in concert with the other Defendants.  Plaintiff pleads that Defendant Bezos had an incentive to harm Plaintiff to save himself from "embarrassment and financial risk."

Plaintiff alleges that, on an unspecified date, Defendants caused him to crash into what Plaintiff believes was a semi-truck.  Plaintiff asserts that this "extra-judicial" assassination attempt violated his Fifth Amendment due process (Count One) and double jeopardy rights (Count Two).

Plaintiff also contends in the Complaint that, on or around September 27, 2020, government "covert operatives" stole his DNA to create a vaccine for the COVID-19 virus and have not justly compensated him in violation of his Fifth Amendment eminent domain rights (Count Three).

Plaintiff requests $2 billion in compensatory damages and $2 billion in punitive damages relating to his claims.

## II.   LEGAL STANDARD UNDER 28 U.S.C. § 1915(e)(2)(B)(i)

The Court recognizes that *pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers[,]" *see Haines v. Kerner*, 404

U.S. 519, 520 (1972), and "should therefore be liberally construed," *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (citing *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  Accordingly, "the allegations in *pro se* complaints must be taken as true and construed in favor of the plaintiff."  *Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983) (citing *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976)).

That being said, *pro se* filings must still comply with the Federal Rules of Civil Procedure, and a "[p]laintiff's *pro se* status does not absolve [the plaintiff] from adhering to the Federal or Local Rules."  *See Gardener v. Michigan*, No. 14-cv-14314, 2017 WL 9472883, at *3 (E.D. Mich Feb. 9, 2017) (citing *Sueing v. Blanchard*, No. 90-cv-10224, 2008 WL 2604976, at *1 (E.D. Mich. June 27, 2008)); *see also* Fed. R. Civ. P. 8 (stating the rules for pleadings in federal court).

The Supreme Court has held that a complaint must contain a "short and plain statement . . . showing that the pleader is entitled to relief" with sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face."  *Bell Atl. Co. v. Twombly*, 550 U.S. 544, 555 (2007).  "Mere conclusory statements . . . do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Regarding the merits and sufficiency of a complaint, 28 U.S.C. § 1915 requires a court to dismiss a case in which the plaintiff proceeds *in forma pauperis*

"at any time if the court determines that . . . (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The term "frivolous" "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."  *Id*. at 325.  Examples of baseless factual contentions are claims describing fantastic or delusional scenarios.  *Id*. at 328.

## III.    APPLICATION OF § 1915(e)(2)(B)(i)

Plaintiff has filed an application to proceed *in forma pauperis*, which the Court is granting.  (ECF No. 2).  Exercising the screening required under § 1915(e)(2), the Court is dismissing Plaintiff's Complaint because it lacks an arguable basis in law or fact.

Though Plaintiff does not proceed pursuant to 42 U.S.C. § 1983, this is the proper avenue for Plaintiff to claim the alleged constitutional violations.

To establish a § 1983 claim, a plaintiff must prove two elements: 1) that the defendant deprived the plaintiff of a right secured by the Constitution or laws of the United States, and 2) that the defendant caused such deprivation while acting under color of law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Absent either

element, a [§ 1983] claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Section 1983 claims are brought against individuals acting "under color of any statute, ordinance, regulation, or usage, of any State or Territory or the District of Columbia," for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . .." 42 U.S.C. § 1983. "'[C]olor' of law means under 'pretense' of law." *Screws v. United States*, 325 U.S. 91, 111 (1945). Though the acts of individuals "in the ambit of their personal pursuits are plainly excluded," actors who "undertake to perform their official duties are included whether they hew to the line of their authority or overstep it." *Id.*

Section 1983 provides the legal basis for Plaintiff's allegations against Defendants acting under color of law, including President Donald Trump, Elon Musk (in his former Department of Government Efficiency capacity), and the Central Intelligence Agency because Plaintiff complains about their conduct in their official capacities.

The Sixth Circuit has held that § 1983 generally "does not reach the conduct of private parties." *Littler v. Ohio Ass'n of Pub. Sch. Emps.*, 88 F.4th 1176 (6th Cir. 2023). While there are exceptions to this general rule, the facts as alleged do not plausibly suggest that these exceptions apply to Defendants Bezos or Amazon

as private parties. [1] *See Marsh v. Alabama*, 326 U.S. 501, 506 (1946) (an entity with a public function can constitute a state actor); *see also Shelley v. Kraemer*, 334 U.S. 1, 20 (1948) (judicial enforcement can constitute state action); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 725 (1961) (a symbiotic relationship between a private and a state can constitute state action). As such, a § 1983 claim against Bezos and Amazon is improper.

### i.      Dismissing Count One: Fifth Amendment – Due Process Violation

A plaintiff pursuing a procedural due process claim pursuant to § 1983 must establish three elements: 1) that he has a life, liberty, or property interest that the Due Process Clause of the Fourteenth Amendment protects; 2) that he was deprived of this protected interest within the meaning of the Due Process Clause; and 3) that the state did not adequately afford him procedural rights before such deprivation of his protected interest. *Hahn v. Star Bank*, 190 F.3d 708, 716 (6th Cir. 1999) (citing *Zinermon v. Burch*, 494 U.S. 113, 125–26 (1990)).

Plaintiff contends that his DNA was stolen by government "covert operatives" without due process. Specifically, Plaintiff alleges that he was not made aware of the law he violated, was not provided counsel, was not afforded a trial, was not allowed to call witnesses or present a defense, and was unable to hear

---

[1] In any event, even if Bezos and Amazon could be considered "state actors" here, Plaintiff's claims against them are frivolous for other reasons, as discussed *infra*.

the evidence against him. These facts do not plausibly plead a Fifth Amendment due process claim because Plaintiff's allegations appear "fantastical." Fed. R. Civ. P. 8; *Twombly*, 550 U.S. at 555. The Court is dismissing Count One of Plaintiff's Complaint because this claim lacks an arguable basis in law and in fact for the reasons discussed above.

### ii. Dismissing Count Two: Fifth Amendment – Double Jeopardy Violation

The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. To determine whether two offenses for which a defendant is prosecuted or punished are "the same offense" for purposes of this clause, courts apply the "same-elements" test. *United States v. Dixon*, 509 U.S. 688, 696 (1993). Under this test, if a defendant is charged with offenses having no unique elements, the Double Jeopardy Clause bars additional punishment and successive prosecution. *Id.* (citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932) (multiple punishments); *Gavieres v. United States*, 220 U.S. 338, 342 (1911) (successive prosecutions)).

Plaintiff fails to plead facts to plausibly allege a double jeopardy violation. First, Plaintiff is a civil plaintiff, not a criminal defendant. Plaintiff fails to identify any criminal proceeding against him. Though Plaintiff infers that he "must have violated some law to warrant such punishment" when referring to his alleged

assassination attempt, Plaintiff pleads neither a prosecution nor punishment for an offense.  Second, and relatedly, Plaintiff fails to plead in his Complaint that he is being prosecuted for a crime for which he was previously punished.  Plaintiff identifies no such offense.  Third, Plaintiff offers no factual allegation indicating how any of the Defendants are involved in an alleged double jeopardy violation.

For these reasons, Plaintiff's Fifth Amendment double jeopardy claim is likewise "fantastical" and facially implausible.  Therefore, because this claim is frivolous, the Court is dismissing Count Two of Plaintiff's Complaint.

### iii.     Dismissing Count Three: Fifth Amendment – Eminent Domain Rights Violation

The Fifth Amendment's Takings Clause "requires the government to compensate citizens when it takes private property for public use."  U.S. Const. amend. V.  "A government violates the Takings Clause when it takes property without compensation, and a property owner may bring a Fifth Amendment claim under [§] 1983 at that time."  *Knick v. Township of Scott*, U.S. 588 U.S. 180 (2019).

As discussed above, Plaintiff contends that government "covert operatives" stole his DNA to create a COVID-19 vaccine.  These facts do not plausibly plead a Fifth Amendment eminent domain claim because they are fantastical, which renders Plaintiff's third claim frivolous.  As such, the Court is dismissing Count Three of Plaintiff's Complaint.

## IV.   CONCLUSION

For the reasons described above, the Court **GRANTS** Plaintiff's Application to Proceed *in Forma Pauperis*.  However, Plaintiff's claims are **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  The United States Supreme Court has interpreted "good faith" to mean "not frivolous." *Coppedge v. United States*, 369 U.S. 438, 446 (1962).  As the Court has concluded that Plaintiff's Complaint is frivolous, it certifies that any appeal of this Opinion and Order would not be taken in good faith.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 30, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 30, 2026, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager